# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

GORDON VAUGHN,
    Plaintiff,

vs.                                                         Case No: 5:11cv2/RS/CJK

J. HINES, et al.,
    Defendants.
_____

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 6). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

    Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded

do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff's amended complaint names one defendant, Panama City Police Officer J. Hines. (Doc. 6, pp. 1-2).[1] Plaintiff alleges that in October or November of 2010, he was exiting a store (the Grocery Outlet) located in Panama City, Florida. Defendant Hines, who plaintiff describes as "the officer on duty," was standing near the exit. After plaintiff completed his purchase and neared the exit, he paused and was about to speak to defendant Hines. Hines directed plaintiff to "keep moving." Plaintiff responded that "this is a free country and plaintiff could stand where he wanted." (*Id.*, p. 3). Defendant Hines then "grabbed the plaintiff's right arm and began to pull plaintiff out the door." He also threatened to arrest plaintiff, but did not follow through on the threat. (*Id.*). Based on the foregoing, plaintiff asserts an Eighth Amendment claim as well as state law claims of assault, battery, and violation of state "rules or regulations." (*Id.*, p. 4). In addition, although he does not name the City of Panama City as a defendant, plaintiff asserts in his Statement of Claims that "the city government failed to properly train Hines." (*Id.*). As relief, plantiff seeks unspecified "emergency, injunctive, declaratory relief," attorney's fees (even though plantiff is proceeding *pro se*), and $10,000.00 in damages. (*Id.*).

In order to state a claim under section 1983, a plaintiff must establish two essential elements:

---

[1] Plaintiff's original complaint named Hines as well as the City of Panama City. (Doc. 1).

*Case No: 5:11cv2/RS/CJK*

>    1. the conduct complained of was committed by a person acting under color of state law; and
>
>    2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Assuming to plaintiff's benefit that defendant Hines was acting under color of state law at the time of the incident (as opposed to providing off-duty security services to the privately-owned grocery store), plaintiff's allegations fail to state a constitutional violation that is plausible on its face.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. The Eighth Amendment's prohibition against cruel and unusual punishment applies only to those convicted of crimes. *Ingraham v. Wright*, 430 U.S. 651, 664, 97 S.Ct. 1408-09, 51 L.Ed.2d 711 (1977); *D'Aguanno v. Gallagher*, 50 F.3d 877, 879, n. 2 (11th Cir. 1995) (rejecting homeless persons' claims that county sheriff and sheriff's deputies subjected them to cruel and unusual punishment when they evicted them from private property and destroyed their shelters and stored property, explaining: "The cruel and unusual punishment clause only protects people who have been convicted of a crime."). In this case, plaintiff's legal theory that the Eighth Amendment applies to a police officer ejecting a free citizen from a grocery store is indisputably meritless; therefore, his Eighth Amendment claim should be dismissed.[2]

---

[2]Plaintiff's Statement of Claims also references that Hines acted without "probable cause." (Doc. 6, p. 4). Even analyzed under the Fourth Amendment, however, plaintiff's allegations fail to state a plausible claim for relief. To assert a Fourth Amendment claim based on the use of excessive force, the plaintiff must allege (1) that a seizure occurred and (2) that the force used to effect the seizure was unreasonable. *Troupe v. Sarasota Cnty., Fla.*, 419 F.3d 1160, 1166 (11th Cir. 2005) (citing *Evans v. Hightower*, 117 F.3d 1318, 1320 (11th Cir. 1997)). Not every encounter between a police officer and a citizen constitutes a seizure to which Fourth Amendment protection attaches. As the former Fifth

**To the extent plaintiff references an alleged "failure to train" by the City of**

Circuit held,

> We conclude, therefore, that Supreme Court holdings sculpt out, at least theoretically, three tiers of police-citizen encounters: communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, brief "seizures" that must be supported by reasonable suspicion, and full-scale arrests that must be supported by probable cause.

*United States v. Berry*, 670 F.2d 583, 591 (5th Cir. Unit B 1982) (en banc). Here, even assuming to plaintiff's benefit that he was "seized" for Fourth Amendment purposes, his allegations fail to suggest that Hines' use of force was unconstitutional.

A violation of the right to be free from excessive force will support a § 1983 action, but "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,'" violates the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)). Rather, the constitutionality of an alleged application of force against a plaintiff is judged under a "reasonableness" standard. *Graham*, 490 U.S. at 395, 109 S.Ct. 1865 (holding that "all claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard"). "[T]he question is whether the officers' actions [we]re 'objectively reasonable' in light of the facts and circumstances, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. The Supreme Court has counseled that "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Id*.

The relevant test requires an evaluation of all "the facts and circumstances confronting" the officer. *Id*. at 396-97, 109 S.Ct. at 1871-72. A court must balance "'the nature and quality of the intrusion on the individual's fourth amendment interests' against the importance of the governmental interests alleged to justify the intrusion." *Ortega v. Schramm*, 922 F.2d 684, 694 (11th Cir. 1991) (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. at 1871). This Circuit evaluates whether an officer's use of force is objectively reasonable by considering myriad factors, such as "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." *Moore v. Gwinnett Cnty.*, 967 F.2d 1495, 1498 (11th Cir. 1992).

In the instant case, according to plaintiff's version of the facts, after plaintiff had checked out and was approaching the store's exit, he stopped in front of Officer Hines, considering what he might say to the Officer; Officer Hines directed plaintiff to keep moving; plaintiff refused, became antagonistic and remained standing in front of Hines; Hines then grabbed plaintiff's arm and pulled him out of the store. Objectively speaking, the amount of force Hines used to move plaintiff was not unreasonable and certainly not more than *de minimis*. *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000) (holding that "the application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment").

Finally, even viewing plaintiff's allegations under a Fourteenth Amendment substantive due process theory, they fail to stat a plausible claim to relief.

Panama City, such reference does not state a plausible claim for relief. "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Here, because defendant Hines' conduct did not violate plaintiff's constitutional rights, the City of Panama City cannot be held liable under § 1983 on a "failure to train" claim based on the alleged misconduct. *Garczynski v. Bradshaw*, 573 F.3d 1158, 1170 (11th Cir. 2009) (holding that if no constitutional violation has occurred, the court need not consider whether the municipality's training of its employees violated plaintiffs' constitutional rights); *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) ("an inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred"); *see also, e.g., Manseau v. City of Miramar*, 395 Fed. Appx. 692, 646 (11th Cir. 2010) ("Plaintiffs stated no denial of a constitutional right. The absence of a constitutional violation by the individual Defendants makes it unnecessary for us to consider whether the City was subject to municipal liability for failure to train its employees or because of a custom or policy.); *Troyanos v. Coats*, 372 Fed. Appx. 932, 936 (11th Cir. 2010) (concluding that because the complaint failed to state a claim of deliberate indifference by jail officials, the complaint also failed to allege that the sheriff was deliberately indifferent because he did not properly train, supervise, or discipline his staff; "We are not required to inquire about [the sheriff's] customs or policies for treating mentally ill inmates because the complaint failed to state a claim that jail officials violated Troyanos's constitutional rights."). Notwithstanding that fatal flaw, plaintiff's amended complaint fails to aver any factual content allowing this court to draw a reasonable inference that the City of Panama City was connected in any way to the purported misconduct at issue. Plaintiff's legal conclusion of § 1983 liability

by the City is not supported by any factual allegations. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that "A pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Twombly*, at 555 and 557 respectively)); *see also, e.g., Nettles, Jr. v. City of Leesburg Police Dep't*, No. 09-14327, 2010 WL 5382914 (11th Cir. Dec. 22, 2010) (affirming dismissal with prejudice of § 1983 complaint; city police department could not be held liable under § 1983 for failure to train and supervise police officers, where arrestee's complaint failed to aver any factual content allowing the court to draw a reasonable inference that the city was connected in any way to the purported misconduct at issue).

Having dismissed all federal claims, the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's federal claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

2. That plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE.

3. That the clerk be directed to close the file.

At Pensacola, Florida this <u>14th</u> day of March, 2011.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 5:11cv2/RS/CJK

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**